PRYOR & MANDELUP, L.L.P.
Attorneys for Plaintiff Robert L. Pryor, Esq., Trustee
J. Logan Rappaport, Esq.
675 Old Country Road
Westbury, NY 11590
(516) 997-0999
LR@pryormandelup.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                              Case No. 8-19-75686-LAS
                                                    Chapter 7
JOHN BRANCATO,
                    Debtor.
---------------------------------------------------------------X
ROBERT L. PRYOR, ESQ., Chapter 7 trustee
of the bankruptcy estate of John Brancato,

                    Plaintiff,             Adv. Pro. No.

       -against-                                **COMPLAINT**

ANTOINETTE BRANCATO,

                    Defendant.
---------------------------------------------------------------X

Plaintiff, Robert L. Pryor, Esq. ("Trustee"), as Chapter 7 trustee of the bankruptcy estate ("Estate") of John Brancato ("Debtor"), by his attorneys, Pryor & Mandelup, L.L.P., as and for his Complaint against Antoinette Brancato ("Defendant"), hereby alleges as follows:

### NATURE OF ADVERSARY PROCEEDING

1.      This is an adversary proceeding commenced against Defendant seeking judgment, pursuant to 11 U.S.C. § 363(h), authorizing the Trustee to sell the right, title, and interest of Defendant, along with that of the Estate, in and to the residential real property located at 166 West Windsor Parkway, Oceanside, New York (the "Real Property").

## PARTIES

2. On August 14, 2019 (the "Petition Date"), Debtor filed a voluntary petition for relief from her creditors, pursuant to Chapter 7 of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code").

3. Plaintiff, Robert L. Pryor, Esq. was appointed interim Trustee for Debtor's Chapter 7 bankruptcy estate.

4. Subsequently, on September 25, 2019, the first meeting of creditors was conducted in accordance with Section 341(a) of the Bankruptcy Code whereat the Trustee qualified as permanent trustee of Debtor's Estate.

5. The Trustee is duly appointed, qualified and acting as Trustee of the bankruptcy Estate of the Debtor and, as such, is authorized to commence and prosecute this action pursuant to 11 U.S.C. § 323(b) and Rule 6009 of the Federal Rules of Bankruptcy Procedure.

6. Upon information and belief, Defendant is an individual residing at the Real Property.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, and the standing order of referral of cases to bankruptcy judges, entered in the United States District Court for the Eastern District of New York.

8. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O) as it relates directly to the above-captioned Chapter 7 case, concerns the administration of the bankruptcy case, seeks the entry of an order approving the sale of property other than property

resulting from claims brought by the Estate against persons who have not filed claims against the Estate, and otherwise involves the liquidation of assets of the Estate. In the event that this Court determines that any cause of action alleged herein is not a core proceeding, the Trustee consents to the entry by this Court of final orders and judgments and final findings of fact and conclusions of law.

9. Venue is properly placed in this district pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

10. As of the Petition Date, Debtor was the joint owner along with Defendant, his estranged spouse, as tenants by the entirety, of the Real Property.

11. Upon information and belief, Debtor does not currently reside at the Real Property though Defendant does.

12. According to Schedule "A" of the Debtor's bankruptcy petition, the Real Property possesses a fair market value of approximately $490,000.00.

13. According to Schedule "D" of the Debtor's bankruptcy petition, the Real Property is encumbered by secured debt owed to Mr. Cooper in the amount of approximately $214,264.44 on account of first mortgage.

14. Upon information and belief, the value of Debtor's equity in the Real Property is approximately $137,867.78.

15. Pursuant to Schedule "C" of Debtor's bankruptcy petition, Debtor claimed an exemption as to his interest in the Real Property in the amount of $170,825.00 pursuant to New York Civil Practice Law & Rules § 5206 (the "Exemption").

16. Pursuant to a Stipulation (the "Stipulation"), dated January 23, 2020, which is pending Bankruptcy Court approval, Debtor has agreed to carve-out for the benefit of the Estate forty percent (40%) of any amounts that would otherwise be due him on account of his Exemption from the proceeds of the sale of the Real Property.

17. By the Stipulation, Debtor has also consented to the Trustee's sale of the Estate's right, title, and interest in and to the Real Property and has agreed to fully cooperate with the Trustee and any and all professionals retained on behalf of the Estate in all efforts to market and sell the Real Property.

## FIRST CAUSE OF ACTION

18. Debtor's interest in the Real Property constitutes property of the Estate under 11 U.S.C. § 541(a)(1).

19. Upon information and belief, partition of the Real Property between the Estate and Defendant is impracticable.

20. Upon information and belief, sale of the Estate's undivided interest in the Real Property would realize significantly less for the Estate than the sale of such property free of the interest of Defendant.

21. Upon information and belief, the benefit to the Estate to the sale of the Real Property free of the interest of Defendant outweighs the detriment, if any, to Defendant.

22. Upon information and belief, the Real Property is not used in the production, transmission or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

23. Pursuant to 11 U.S.C.§ 363(h), the Trustee is entitled to a judgment authorizing him to sell Defendant's right, title, and interest in the Real Property along with that of the Estate.

**WHEREFORE,** the Trustee demands judgment against Defendant:

(a) Pursuant to 11 U.S.C.§ 363(h), authorizing the sale by the Trustee of the Estate's and the Defendant's respective right, title, and interest in and to the Real Property;

(b) Directing Defendant to cooperate with the Trustee in all respects in connection with the sale of the Real Property;

(c) Authorizing the Trustee, upon compliance with 11 U.S.C.§ 363, Bankruptcy Rule 6004, and all other applicable laws, to issue a deed to the Real Property on behalf of the Defendant;

(d) Authorizing the Trustee to distribute proceeds of the sale of the Real Property, after paying all liens, claims, and encumbrances properly existing as against the Estate's and Defendant's respective interests in and to the Real Property, if any, and all expenses of sale, including the commissions and expenses of the Estate's auctioneer, according to the respective interests of the Debtor and the Defendant; and,

(e) Together with such other and further relief as this Court deems just and proper.

Dated: Westbury, New York  
February 4, 2020

Pryor & Mandelup, LLP  
Attorneys for Robert L. Pryor, Chapter 7 Trustee

By:_____  
J. Logan Rappaport  
675 Old Country Road  
Westbury, New York 11590  
(516) 997-0999  
lr@pryormandelup.com