UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                                      Case No. 8-19-75686-las

John Brancato,                                              Chapter 7

                              Debtor.
------------------------------------------------------------X

### MEMORANDUM DECISION AND ORDER (I) GRANTING TRUSTEE'S MOTIONS TO DISALLOW AND EXPUNGE PROOF OF CLAIM NOS. 8[1] AND 8-2 AND (II) DENYING CROSS-MOTIONS TO ALLOW PROOFS OF CLAIM

Pending before the Court are motions filed by Robert L. Pryor, the chapter 7 trustee ("Trustee") of the bankruptcy estate of John Brancato ("Debtor"), for entry of an order pursuant to 11 U.S.C. § 502(b),[2] Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and E.D.N.Y. LBR 3007-1, disallowing and expunging proof of claim ("POC") no. 8 in the amount of $115,702.00 and amended proof of claim no. 8-2 in the amount of $123,202.00 filed by Antoinette Brancato ("Ms. Brancato"), the Debtor's ex-wife, for "marital debt and support." Ms. Brancato, appearing *pro se*, responded to the Trustee's motions and cross-moved to allow her proofs of claim.

The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334(b) and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) that the Court may hear and decide. 28 U.S.C. § 157(b)(1).

The Court has reviewed the parties' submissions carefully. For the following reasons, (i) the Trustee's motions are granted and POC nos. 8 and 8-2 filed by Ms. Brancato are

---

[1] Proof of claim no. 8 is the same as proof of claim no. 8-1 on the Court's Proof of Claim Register.  For purposes of this Memorandum Decision and Order, the Court will reference the original claim as proof of claim no. 8.

[2] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "§ (section number)."

disallowed and expunged in their entirety, and (ii) Ms. Brancato's cross-motions to allow her proofs of claim are denied.

I.    Background

  A.  Procedural History

  The Debtor and Ms. Brancato were married on September 29, 2001 and have three children. On September 17, 2017, the Debtor commenced an action for divorce in the Supreme Court of the State of New York, County of Nassau ("State Court"), Index No. 202255/17 (the "Matrimonial Action"). The Debtor and Ms. Brancato signed a Stipulation, dated November 3, 2017 (the "Pendente Lite Stipulation"), in the Matrimonial Action which was so ordered by the State Court. Pursuant to the Pendente Lite Stipulation, Ms. Brancato and the children have exclusive use and occupancy of the marital residence located at 166 West Windsor Parkway, Oceanside, New York ("Real Property"). The Debtor and Ms. Brancato agreed to share the costs of the mortgage, homeowner's insurance, and taxes for the Real Property on a pro-rata basis, i.e., 70% allocated to the Debtor and 30% allocated to Ms. Brancato. To effectuate payment, however, the Debtor was obligated to pay the mortgage debt and remit $250 to Ms. Brancato, while Ms. Brancato was obligated to pay the homeowner's insurance and real estate taxes. Additionally, Ms. Brancato was responsible for the payment of 100% of the utilities associated with the Real Property.

  On August 14, 2019 ("Petition Date"), the Debtor filed for relief under chapter 7 of the Bankruptcy Code. Ms. Brancato filed a motion, dated November 26, 2019 [Dkt. No. 17], seeking relief from the automatic stay to continue the Matrimonial Action and modify child support payments. The Trustee did not oppose the stay relief motion to the extent any order granting stay relief allowed the Matrimonial Action to proceed with respect to the Debtor's child support obligations, and fixing the value of any equitable distribution and pre-petition claims that Ms. Brancato might have against the Debtor. However, the Trustee filed a limited

objection, [Dkt. No. 23], requesting that any order granting Ms. Brancato stay relief should not provide for the sale of the Real Property in which the bankruptcy estate has an interest. The Court heard oral argument on the stay relief motion and subsequently entered an Order dated January 8, 2020 ("January 8, 2020 Order"), modifying the automatic stay to allow Ms. Brancato to proceed in the Matrimonial Action to enforce and, to the extent necessary, modify the domestic support obligation of the Debtor. [Dkt. No. 26].

Thereafter, the Trustee filed an application, dated January 24, 2020, for an order pursuant to Bankruptcy Rule 9019 approving a settlement between the Trustee and the Debtor of a dispute over the Debtor's claimed homestead exemption. Under the settlement, the Debtor agreed to carve out for the benefit of the bankruptcy estate certain funds from the net proceeds of any sale of the Real Property that would otherwise be paid to him on account of the homestead exemption ("Settlement"). [Dkt. No. 30]. Ms. Brancato filed opposition to the application to approve the Settlement alleging that a sale would not be in the best interest of the children and that most of the equity in the Real Property belonged to her. [Dkt. No. 32]. On March 2, 2020, the Court entered an order approving the Settlement. [Dkt. No. 36]. Having secured the Settlement, the Trustee commenced an adversary proceeding against Ms. Brancato by filing a complaint on February 5, 2020 seeking judgment pursuant to § 363(h) authorizing the Trustee to sell both the estate's interest and the interest of Ms. Brancato in the Real Property.

On June 16, 2020, after a hearing on notice to the parties, the Court entered an Order modifying the Court's January 8, 2020 Order to allow the Matrimonial Action to proceed with respect to dissolution of the marriage, including any proceeding that sought to determine the division of property, but to the extent any party sought to sell or otherwise dispose of any interest in the Real Property or any property of the bankruptcy estate, the parties were directed to seek further relief from the Court. [Dkt. No. 41].

### B. Matrimonial Action[3]

A trial was conducted by the State Court on April 14, 2021 in the Matrimonial Action at which the Debtor and Ms. Brancato testified. A Decision and Order After Trial, dated August 9, 2021 (the "Decision After Trial"), was entered in the Matrimonial Action by Hon. Stacy D. Bennett, A.S.C.J., who presided over the trial. Justice Bennett noted in the Decision After Trial the parties' agreement under the Pendente Lite Stipulation regarding the sharing of expenses related to the mortgage, homeowner's insurance, and real estate taxes. Justice Bennett also referenced her decision dated September 9, 2020, which found the Debtor in contempt for failure to make the mortgage payments and set a purge amount of $41,942. At trial, Ms. Brancato admitted on cross-examination that the Debtor had purged the contempt and paid Ms. Brancato the total amount due of $41,600, but when asked whether she used the sum to pay the mortgage arrears, Ms. Brancato testified that she did not pay the arrears but "kept" the money and had approximately $20,000 of the funds in her savings account. Decision After Trial at 5.

In the Decision After Trial, the State Court noted that Ms. Brancato sought "reimbursement for household improvements/maintenance expenses incurred by her but failed to offer any documentary evidence (such as invoices, bills and paid receipts) substantiating such expenses during her case in chief." *Id.* The State Court further noted that "in her post-trial brief, [Ms. Brancato] asks for an award of counsel fees (although she was self-represented at trial), camp fees, credit card debt and 'restitution' in the amount of $80,000 representing the marital debt she 'shouldered during the prolonged proceeding.'" *Id.*

---

[3] This Court takes judicial notice of the stipulations and orders entered in the Matrimonial Action between the Debtor and Ms. Brancato. *Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021) (finding that the district court properly took judicial notice of documents filed in another court, which documents indicated claims brought, the remedies sought and the judgment awarded); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (noting "courts routinely take judicial notice of documents filed in other courts . . . .").

The State Court concluded, among other things, that the Debtor shall be responsible for 62% and Ms. Brancato 28% of the expenses associated with the children, including all reasonable extracurricular expenses of the children, with a maximum total contribution not to exceed $500 per year, per child. *Id.* at 10. As to the Real Property, the State Court found Ms. Brancato's documentation and testimony were insufficient to prove she was entitled to 100% ownership of the Real Property and that Ms. Brancato failed to offer in evidence that she was financially able to purchase the Debtor's interest in the net proceeds arising from a sale of the marital residence. Accordingly, the State Court directed that the "marital residence shall be sold and the parties shall share equally in the net proceeds, subject to the findings and orders of the Bankruptcy Court." *Id.* at 13. As for expenses relating to the Real Property, the State Court held, in pertinent part:

> [Ms. Brancato] failed to offer any evidence to substantiate her testimony that she paid the expenses of the marital residence post-commencement. Further, it is noted that neither party offered any evidence at trial regarding the arrears due pursuant to the Court's *pendente lite* order. Accordingly, the parties are directed to exchange an accounting (supported by documentary evidence) within thirty days after service of this Decision and Order. Such evidence shall be used to credit or offset the awards made herein before the parties share equally in the net proceeds. The parties shall be entitled to a credit for the principal reduction of the mortgage from the date of commencement until the property is sold upon presentation of proof of said payment(s). The determination and distributive award is subject to any other and further orders of the Bankruptcy Court.

*Id.* (emphasis in original).

The State Court also denied a motion by Ms. Brancato for counsel fees noting that Ms. Brancato "failed to offer testimony or evidence as to the amount and reasonableness of the fees requested nor did she submit an attorney's affirmation of services, attorney billing records or retainer agreement as required by the rules of the court." *Id.* at 14. In addition, the State Court stated that "[a]ll applications, motions or requests not specifically addressed [in the Decision After Trial] are hereby denied." *Id.*

Ms. Brancato filed a motion in the Matrimonial Action for reargument of the Decision After Trial with respect to the order directing the sale of the Real Property and equitable distribution. Ms. Brancato's motion for reargument was denied by Justice Bennett in a Decision and Order dated January 12, 2022 (the "Post-Trial Order"). The State Court noted in the Post-Trial Order that Ms. Brancato sought upon reargument an order directing the Debtor to

> pay half of debts incurred during the course of the marriage, and household expenses. The wife seeks . . . credit for [the Debtor's] failure to pay the mortgage and compensation for summer camp expenses. The wife seeks an order directing the husband to pay $33,015.93 as and for credit card bills/debt, tax bill of $3,191, PSEG bill of $1,130, mortgage of $1,478, work/repairs on house of $3,568 and camp of $4,565.

Post-Trial Order at 1. The State Court held in the Post-Trial Order as follows:

> The wife's application for an order directing the husband's failure to pay the entirety of the mortgage is denied. The husband's obligation was addressed by the Bankruptcy Court. This court in a Decision and Order dated May 28, 2020 modified the husband's support obligation to pay $2,467 per month to the wife. The wife did receive a payment of $41,942 representing support arrears, inclusive of mortgage amounts, and she admitted at trial, as evidenced in the Decision After [T]rial, that she did not use said monies to pay the mortgage.

> The Decision After Trial permitted the parties to exchange accounting and documentation with respect to any pendente lite arrears accrued up to the Decision after Trial, after noting said were not submitted at trial. The wife has requested payment for a PSEG bill and tax bill. The court notes the parties' [Pendente Lite] Stipulation of Nov 3, 2017, provided for the wife to pay the utilities, the homeowner's insurance and the taxes on the residence. In light of the foregoing, the wife's application for an order directing payment of those items is denied.

> The [Pendente Lite] Stipulation and orders of the court do not require the husband to pay for repairs or work done on the house. There is also no order or stipulation regarding the husband's contribution toward credit card bills. The Decision After Trial does not provide for same as well. The wife's application for an order directing the husband to pay $33,015.93 in credit card bills is denied.

> The wife's request for an order directing payment of the child's camp bill of $1,565 is denied with leave to resubmit upon proof of

whether this expense was incurred post Decision after Trial which does provide for a pro rata contribution from the husband of certain extra expenses. If this expense was incurred prior to August 17, 2021, there is no obligation pursuant to the Stipulation or orders for said contribution.

.    .    .    .

The wife does not establish any authorized arrears pursuant to the pendente lite stipulation, orders or Decision after Trial. The court notes the Decision After Trial vacated prior orders.

*Id.* at 2.

A Judgment of Divorce in the Matrimonial Action, dated March 1, 2022, was entered on March 4, 2022, in the Office of the Clerk of Nassau County.

C.  Proofs of Claim

On February 25, 2020, Ms. Brancato filed POC no. 8 asserting a $115,702 claim of which $41,000 plus interest is alleged to be entitled to priority under § 507(a)(1)(A) or (a)(1)(B) for domestic support obligations, and the remainder as a general unsecured claim. Ms. Brancato attached to the POC a handwritten itemized list as follows:

| | |
|---|---:|
| Landscaper for 2017 | $500.00 |
| Maintenance on marital home I have done | $2000.00 |
| Homeserve Maintenance Insurance | $1200.00 |
| Homeowners Insurance 2018 & 2019 | $4800.00 |
| Mortgage arrears from Domestic Support Order | $41,000.00 |
| Credit card debt accrued for household & children expenses (in my name) up until 2017 | $33,400.00 |
| Flood Insurance 2017, 2018, 2019 | $1500.00 |
| 10/3/2017 Tax bill I paid | $3192.00 |
| September 2017 Mortgage I paid | $1500.00 |
| Water bill 10/2017 | $110.00 |
| PSEG Bill Revolving Balance up until 11/2017 | $1500.00 |
| My Marital Attorney Fees | $11,000.00 |
| National Grid 9/2017 & 10/2017 | $135.00 |
| K & G vacation checks John collected on for vacation time accrued during marriage | $6,000.00 |
| Camp | $1565.00 |
| Children[']s Trips | $300.00 |
| Interest | $6000.00 |
| Total | $115,702.00 |

On June 2, 2023, Ms. Brancato filed an amended POC no. 8-2 seeking to add expenses she incurred after the State Court's Decision After Trial, in particular:

1. Retainer fees to her former attorney dated 10/21 totaling $3500.00
2. Sump pump replacement for real property dated 8/30/21 totaling $950.00
3. Boiler decarbonization for real property dated 2/7/2022 totaling $700
4. Homeowners insurance for real property paid 1/3/2022 totaling $2350.00

On June 19, 2023, Ms. Brancato filed a supplement to her amended proof of claim seeking to add $515.95 for a cable main sewer line. [Dkt. No. 108]. Although this supplement was not filed with the Court's Proof of Claim Register, the Court will consider it to be part of her amended proof of claim no. 8-2.

### D. Trustee's Objection to Ms. Brancato's Proofs of Claim

The Trustee filed a motion dated January 9, 2023 [Dkt. No. 82] seeking an order disallowing Ms. Brancato's POC no. 8 in its entirety on the basis that (i) claims arising from the Pendente Lite Stipulation and/or subsequent orders of the State Court in the Matrimonial Action allegedly giving rise to claims for domestic support obligations were unmatured as of the Petition Date and are nondischargeable under § 523(a)(5), (ii) certain items of expense claimed by Ms. Brancato have been fully and finally litigated in the Matrimonial Action and are unenforceable against the Debtor and property of the Debtor; (iii) Ms. Brancato has admitted under oath in her deposition dated September 30, 2022, that she knows of no State Court order obligating the Debtor to pay certain items comprising of POC no. 8, and (iv) Ms. Brancato has offered no documents evidencing the Debtor's obligation for certain items in POC no. 8.

Ms. Brancato filed opposition and a cross-motion seeking, among other things, the allowance of her proof of claim. [Dkt. No. 86]. Ms. Brancato contends that her POC is a marital debt that the Debtor was responsible for while living in the Real Property both pre- and post-Pendente Lite Stipulation and includes expenses to maintain the Real Property.

8

She states that the credit card debt totaling $33,400 is for household and child-related expenses that accrued prior to the commencement of the Matrimonial Action. She also asserts that interest on the credit cards must also be allowed alleging that the debts were incurred on credit cards that she and the Debtor used during the marriage and while the Debtor lived at the Real Property. Ms. Brancato acknowledges that she and the Debtor were ordered to comprise an accounting and serve the other party, which she states she did. Ms. Brancato asks this Court to expunge the State Court's Decision After Trial, Post-Trial Order, and her deposition testimony that were attached as exhibits in support of the Trustee's objection to her proof of claim.  She contends that the Matrimonial Action is a separate proceeding and has no bearing on her proof of claim filed in this bankruptcy case. She also argues that her deposition testimony should be expunged because she did not sign a copy of the deposition transcript and the Trustee manipulated Exhibit 7 to the deposition, which exhibit is labeled as Ms. Brancato's Production of Discovery Documents Listed, because documents were added to that exhibit.

The Court heard oral argument on the Trustee's objection to the allowance of POC no. 8 on February 7, 2023 and took the matter under submission. Thereafter, because the State Court had ruled, after trial, that the Real Property shall be sold, the Trustee filed a motion on April 3, 2023 [Dkt. No. 87] for entry of an order authorizing, among other things, a public auction sale of both the estate's interest and the interest of Ms. Brancato in the Real Property and approving the terms and conditions of sale. On April 20, 2023, Ms. Brancato filed an amended cross-motion [Dkt. No. 92] (i) objecting to the Trustee's sale motion, (ii) reiterating the arguments in her original cross-motion where she sought the allowance of her claim in its entirety, and (iii) attaching documents in support of the various expenses for which she sought reimbursement.

The Trustee filed opposition to the amended cross-motion [Dkt. No. 93] arguing, among other things, that it was filed after the Court held a hearing on February 7, 2023 to consider the Trustee's objection to Ms. Brancato's proof of claim. The Trustee maintains that none of the exhibits attached to the amended cross-motion were made part of the original cross-motion and such submission is untimely under E.D.N.Y. LBR 9006-1. Ms. Brancato filed a response [Dkt. No. 94], arguing that her amended cross-motion was submitted within 17 days of the hearing on the Trustee's sale motion and is therefore admissible and that all her exhibits annexed to the amended cross-motion were made part of the original cross-motion.

Upon Ms. Brancato's filing an amended proof of claim on June 2, 2023, the Trustee filed a motion, dated June 5, 2023, objecting to the amended proof of claim [Dkt. No. 103]. In the objection, the Trustee asserts that Ms. Brancato's claim for $3,500 in legal fees is for the post-petition payment Ms. Brancato paid to her bankruptcy counsel and there is no basis for her to recover this amount from the bankruptcy estate, and this expense was incurred for her own benefit and was not a necessary cost or expense for preservation of the bankruptcy estate. The Trustee also argues that additional expenses relating to the sump pump and decarbonization of the boiler were incurred post-petition and without prior approval of the Trustee and there is no proof that the expenses increased the value of the Real Property. The Trustee also contends that these expenses were incurred after the State Court issued its Decision After Trial and after the Post-Trial Order where the State Court held that prior stipulations and orders of the State Court do not require the Debtor to pay for repairs or work done to or at the Real Property.  Similarly, the Trustee argues that the State Court provided for Mrs. Brancato to pay for the homeowner's insurance.

Ms. Brancato filed opposition to this new motion. [Dkt. No. 105]. She argues the State Court only directed the parties to exchange an accounting and documentation with respect

10

to any pendente lite arrears accrued up to the Decision After Trial. In her view, the additional expenses were incurred post-Pendente Lite Stipulation and are not covered by the Decision After Trial and all expenses should be charged against the Debtor as they were incurred to maintain the Real Property as necessary expenses and to preserve the Real Property. She contends that she has reached out to the Debtor and the Trustee on several occasions regarding all issues with the Real Property and received no response. She alleges that she was not responsible for providing homeowner's insurance after the Decision After Trial was issued but she paid for it after August 9, 2021, because neither the Debtor nor the Trustee would pick up the insurance cost. She also argues she is entitled to reimbursement of legal fees because she is a defendant in the adversary proceeding commenced by the Trustee. The Trustee filed a response disputing the factual allegations made in Ms. Brancato's opposition. [Dkt. No. 106]. The Court heard oral argument on the Trustee's objection to Ms. Brancato's amended proof of claim and her amended cross-motion on July 25, 2023.

II.    Discussion

    A.  Legal Standards

        1.  Allowance of Claims

In a chapter 7 case, only a holder of a claim, defined under § 101(5),[4] that is allowed may receive a distribution from the bankruptcy estate.  11 U.S.C. § 726(a). A claim for which a proof of claim is filed is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).  Such proof of claim constitutes *prima facie* evidence of the validity and amount of the claim if the proof of claim was executed and filed in accordance with the Bankruptcy Rules.  Fed. R. Bankr. P. 3001(f).  "[A] claim that alleges facts sufficient to support a legal

---

[4] A "claim" is defined, in relevant part, as "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, continent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . ." 11 U.S.C. § 101(5)(A).

liability to the claimant satisfies the claimant's initial obligation to go forward." *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); s*ee also In re Brown*, 615 B.R. 725, 738 (Bankr. S.D.N.Y. 2020) ("Brown I"), *aff'd*, No. 1:20-cv-03943 (MKV), 2021 WL 510157 (S.D.N.Y. Feb. 11, 2021).

Rule 3001(c)(1) provides, in pertinent part, "when a claim . . . is based on a writing, a copy of the writing shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(c)(1). The claimant must allege facts sufficient to support the claim and attach supporting documentation to a proof of claim. *In re Aiolova*, No. 11-10503, 2013 Bankr. LEXIS 4504, at *5-6 (Bankr. S.D.N.Y. Oct. 29, 2013). "If a proof of claim is not supported by the requisite documentation, it is not presumed to be *prima facie* valid." *Id.*, 2013 Bankr. LEXIS 4504, at *7. Failure to attach the documentation required by Rule 3001 will result in the loss of the *prima facie* validity of the claim." *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010). Courts in the Second Circuit have disallowed claims based upon insufficient documentation to support the claim. *Id.*, at 118-9 (collecting cases). The documentary support is necessary to "enable the debtor or trustee to evaluate the claim's amount and validity and to challenge portions of the claim that may be inaccurate." *In re Live Primary LLC*, 626 B.R. 171, 189 (Bankr. S.D.N.Y. 2021).

The party objecting to the proof of claim has the burden of going forward with sufficient evidence (i) to rebut the validity or amount of the claim asserted or (ii) to show the claim should be disallowed. *Aiolova*, 2013 Bankr. LEXIS 4504, at *6; *Primavera Familienstifung v. Askin*, 130 F. Supp. 2d 450, 540 (S.D.N.Y. 2001). Once the objecting party succeeds in overcoming the *prima facie* effect given to a proof of claim, the burden shifts back to the claimant to provide support for the validity of its claim by a preponderance of the evidence that the claim should be allowed under applicable law. *Aiolova*, 2013 Bankr. LEXIS

4504, at *7-8; *In re Residential Capital, LLC*, No. 12-12020, 2014 Bankr. LEXIS 481, at *10 (Bankr. S.D.N.Y. Feb. 5, 2014). "The ultimate burden of proof, however, always lies with the claimant." *In re Taranto,* No. 10-76041, 2012 Bankr. LEXIS 1320, at *18 (Bankr. E.D.N.Y. Mar. 27, 2012); *Primavera Familienstifung*, 130 F. Supp. 2d at 540.

A claim will be disallowed if, among other reasons set forth under § 502(b), the "claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). Thus, in a bankruptcy case, under § 502(b)(1), a debtor has any defense to the allowance of a claim that would be available to the debtor outside of bankruptcy. *See* 11 U.S.C. § 558 (bankruptcy estate has "the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitations, statutes of frauds, usury, and other personal defenses."). Further, "[t]he validity of a creditor's claim is determined by rules of state law." *Grogan v. Garner*, 498 U.S. 279, 283 (1991). "Creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20 (2000). "That principle requires bankruptcy courts to consult state law in determining the validity of most claims." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

2.   Collateral Estoppel

"Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). "[T]he application of the collateral estoppel doctrine differs based on the forum in which first judgment was entered." *Pereira v. Brown (In re Brown)*,

Case No. 18-10617 (JLG), Adv. No. 20-01058 (JLG), 2022 WL 4390454, at *11 (Bankr. S.D.N.Y. Sept. 22, 2022) ("Brown II") (quoting *Guggenheim Capital, LLC v. Birnbaum (In re Birnbaum)*, 513 B.R. 788, 800 (Bankr. E.D.N.Y. 2014)). Where the judgment was first entered in New York state court, "[t]he doctrine of collateral estoppel [bars] a party from relitigating an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point." *Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991) (quoting *Kaufman v. Eli Lilly & Co.*, 482 N.E.2d 63, 67 (N.Y. 1985)). "The party invoking collateral estoppel 'bears the burden of proving that the issues involved . . . are identical, while the opponent of preclusion has the burden of proving the absence of a full and fair opportunity to litigate the issue in the prior proceeding.'" *Brown II*, 2022 WL 4390454 at *11 (quoting *Crespo v. N.Y.C. Police Comm'r*, 930 F. Supp. 109, 114 (S.D.N.Y. 1996)).

The doctrine of collateral estoppel is applicable to Ms. Brancato notwithstanding she is proceeding *pro se*. "A pro se claimant is 'not exempt . . . from compliance with relevant rules of procedural and substantive law . . . .' Accordingly, the doctrine of collateral estoppel . . . [is] equally applicable to pro se claimants." *In re Ditech Holding Corp.*, Case No. 19-10412(JLG), 2021 WL 5762951, at *6 (Bankr. S.D.N.Y. Dec. 3, 2021) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### 3. Claims for Domestic Support Obligations

Where a divorce proceeding is pending when a bankruptcy case is filed, there may be domestic support obligations that are due pre-petition and some due post-petition, and the Bankruptcy Code treats each obligation differently. *In re Young*, 497 B.R. 904, 916 (Bankr. W.D. Ark. 2013). Section 502(b)(5) prohibits the allowance of a proof of claim "for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5)." 11 U.S.C. § 502(b)(5); *see also Young*, 497 B.R. at 917.

Section 523(a)(5) in turn provides that a domestic support obligation, which is defined generally under § 101(14A) as amounts in the nature of alimony, maintenance, or support, of a spouse, former spouse or child, are nondischargeable in bankruptcy. However, unsecured claims for pre-petition domestic support obligation are given priority status under § 507(a)(1)(A).[5] 11 U.S.C. § 507(a)(1)(A); *see also Young*, 497 B.R. at 917.

B.  Analysis

Proofs of claim that are amended and superseded by subsequent claims filed by the same creditor are routinely disallowed and expunged. *See, e.g.*, *In re Enron Corp.*, No. 01-16034, 2005 Bankr. LEXIS 3468, at *2 n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (noting that "[i]nasmuch as the Initial Claim was amended and superseded by the Amended Claim, it was disallowed and expunged. . . ."). Here, Ms. Brancato's amended proof of claim does not amend her original proof of claim. Rather, it seeks to supplement and add to her original proof of claim. Accordingly, the Court will address both the original and amended proof of claim. With that said, and within the legal framework set forth above, the Court turns to Ms. Brancato's request that her claims be allowed in this bankruptcy case.

Ms. Brancato requests in her cross-motion that this Court expunge the State Court's Decision After Trial and Post-Trial Order as being irrelevant to this bankruptcy proceeding. Ms. Brancato filed her proof of claim in February of 2020. The Court entered the January 8, 2020 Order modifying the automatic stay to allow Ms. Brancato to proceed in the Matrimonial Action to enforce and, to the extent necessary, modify the domestic support obligation of the Debtor. [Dkt. No. 26]. The Court then entered another order on June 16, 2020, modifying the January 8, 2020 Order to allow the Matrimonial Action to proceed with respect to the

---

[5] Section 507(a)(1)(A) grants priority to "[a]llowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor . . . ."

dissolution of the marriage, including any proceeding that sought to determine the division of property, but to the extent any party sought to sell or otherwise dispose of any interest in the Real Property or any property of the bankruptcy estate, the parties were directed to seek further relief from the Court. [Dkt. No. 41]. Thus, this Court modified the automatic stay to allow the State Court to determine the relevant issues between the Debtor and Ms. Brancato relating to their divorce, including the division of marital assets and any claims that Ms. Brancato may have against the Debtor for reimbursement of expenses incurred by her. There is no basis for this Court to expunge, or much less disregard, the State Court's Decision After Trial or Post-Trial Order, and Ms. Brancato has not cited any authority to the contrary.

The State Court addressed the issue of reimbursement for certain expenses incurred by Ms. Brancato in both the Decision After Trial and the Post-Trial Order. The State Court decided that various categories of expenses now set forth in Ms. Brancato's original proof of claim and for which she asks this Court to allow were not enforceable against the Debtor. With respect to these expenses, the Court finds that the Trustee has demonstrated that the State Court heard and ruled on whether Ms. Brancato is entitled to reimbursement. Having met his burden of establishing that the issues before this Court concerning this category of expenses are identical to the issues decided by the State Court, the burden is on Ms. Brancato to demonstrate that she lacked a full and fair opportunity to litigate the issues before the State Court. She has not met that burden. Ms. Brancato participated in the Matrimonial Action and argued for reimbursement of substantially all the expenses set forth in her original proof of claim. Accordingly, for the reasons discussed below, the Court finds that the doctrine of collateral estoppel applies to this category of expenses, and Ms. Brancato may not obtain relief in this bankruptcy case on account of claims previously denied in State Court. *Brown I*, 615 B.R. at 742. Thus, the Decision After Trial and Post-Trial Order are determinative of the issue of whether the Debtor, and consequently the Debtor's bankruptcy

16

estate, have any liability for this category of expenses incurred by Ms. Brancato and itemized in her proofs of claim. As for the claims asserted by Ms. Brancato that were not litigated and decided by the State Court, the Court finds that the Trustee has met his burden of rebutting the validity of the claims asserted and demonstrated why the claims should be disallowed. As such, the burden of proof on the allowance of this category of expenses rests with Ms. Brancato, to wit, she must provide support for the validity of her claims. For the reasons set forth below, the Court concludes that she has not met her burden.

### 1.    Mortgage Arrears from Domestic Support Order

As part of her original proof of claim, Ms. Brancato asserts a claim for $41,000 of "mortgage arrears from domestic support order." Ms. Brancato does not attach any court order to her proof of claim that substantiates the Debtor's liability for $41,000 in mortgage arrears. Ms. Brancato attaches the Pendente Lite Stipulation whereby the parties agreed to share the mortgage, homeowner's insurance, and taxes on a pro rata basis of 70% allocated to the Debtor and 30% allocated to Ms. Brancato. However, the Pendente Lite Stipulation does not reference any mortgage arrears owed by the Debtor. Thus, Ms. Brancato's claim is unsupported. Moreover, to the extent the mortgage arrears constitute a domestic support obligation, the proof of claim was filed on February 25, 2020, and there is no information as to whether the domestic support obligation was incurred pre-petition or post-petition. As noted above, any claim for domestic support obligation that was unmatured on the Petition Date and became due and owing post-petition is not an allowed claim under § 502(b)(5).

Moreover, Justice Bennett in her Decision After Trial referenced her prior decision dated September 9, 2020, which found the Debtor in contempt for failure to make the mortgage payments and set a purge amount of $41,942. At trial, Ms. Brancato admitted on cross-examination that the Debtor had purged the contempt and paid Ms. Brancato the total amount due. Justice Bennett again reiterated in her Post-Trial Order that Ms. Brancato

17

received payment of $41,942 representing support arrears, including mortgage payments. The Post-Trial Order further held that Ms. Brancato did not establish any authorized arrears pursuant to the Pendente Lite Stipulation, orders or Decision After Trial. Moreover, the Decision After Trial vacated prior orders. Thus, the Court finds that Ms. Brancato has already received the $41,000 set forth in her proof of claim, regardless of whether she was obligated to pay down the mortgage arrears, and she has failed to demonstrate that she has a claim for any further payment with respect to any arrears on the mortgage.

### 2. Credit Card Debt and Interest

Ms. Brancato also claims she is owed $33,400 for credit card debt and $6,000 of interest accrued on her credit cards. The Post-Trial Order specifically denied Ms. Brancato's application for an order directing the Debtor to pay $33,015.93 in credit card bills as there is no order or stipulation regarding the Debtor's contribution toward credit card bills and the State Court's Decision After Trial does not provide for such payment. As the State Court has already decided there is no liability on the part of the Debtor for the credit card bills, and thus, the accrued interest on those credit card bills, Ms. Brancato's claim for $33,400 of credit card debt and $6,000 of interest must be denied.

### 3. Camp Fees

Ms. Brancato assets a claim for $1,565 in camp fees and $300 of cash paid for children's trips. The Post-Trial Order denied Ms. Brancato's request for an order directing payment of the children's camp bill of $1,565 with leave to resubmit upon proof of whether this expense was incurred post-Decision After Trial, which decision provided for a pro rata contribution from the Debtor of certain extra expenses. The State Court specifically stated that if the camp expense was incurred prior to August 18, 2021, there is no obligation on the part of the Debtor pursuant to the Pendente Lite Stipulation or State Court orders for said contributions. As this Court has noted, the proof of claim for the camp fees was filed in

February of 2020 and the receipts attached to the proof of claim show the camp fees were incurred in the period of 2017 to 2019. Similarly, the $300 paid for the children's trips falls under the category of extracurricular activity and was incurred prior to the State Court's Decision After Trial. Accordingly, Ms. Brancato's claim for these items against the Debtor's bankruptcy estate must be denied.

4.   Repairs and Maintenance Work Done on the Real Property

In both the original proof of claim and amended proof of claim, Ms. Brancato seeks the allowance of claims for repairs to, and maintenance of, the Real Property. She requests reimbursement for the following expenses: (i) $500 for landscaping, (ii) $2000 of maintenance she has done personally, (iii) $1200 for Homeserve maintenance insurance, (iv) $950 for sump pump replacement, (v) $700 for boiler decarbonization, and (vi) $515.95 for a cable main sewer line. Items (i) through (iii) were purportedly incurred prior to the Petition Date while items (iv) through (vi) were incurred after the issuance of the Decision After Trial in 2021 and the Post-Trial Order in 2022. As noted in the State Court's Post-Trial Order, Ms. Brancato had requested on her motion for reargument an order directing the Debtor to pay $3,568 for work/repairs on the Real Property. The State Court held that the stipulations and orders of the State Court do not require the Debtor to pay for repairs or work done on the house. Accordingly, Ms. Brancato's claim for reimbursement of expenses purportedly incurred for repairs to, or maintenance of, the Real Property incurred prior to the issuance of the Decision After Trial is disallowed.

For expenses related to repairs to, and maintenance of, the Real Property incurred after the Decision After Trial, Ms. Brancato argues that the Decision After Trial did not address who should be responsible for the maintenance and repairs for the Real Property after the divorce. While Ms. Brancato concedes the State Court did not conclude that the Debtor is responsible for the maintenance and repairs, she contends that the State Court also

did not order that she be solely responsible for such maintenance and repairs even though she and the children continue to reside at the marital home. The Court is not persuaded by her argument. Ms. Brancato has not provided any documentary evidence in the form of a written agreement or court order, or any statutory authority, showing that she has a right to reimbursement for these expenses after the divorce. The State Court directed the Real Property be sold and did not provide for any allocation of expenses related to the maintenance of the Real Property nor any credit or offset for work done after the Decision After Trial. Accordingly, Ms. Brancato has failed to satisfy the documentary requirements of Bankruptcy Rule 3001 and her claims for maintenance and repairs related to the Real Property, incurred before and after the Decision After Trial, are denied.

5.   Utilities, Insurance and Taxes Relating to the Real Property

Ms. Brancato seeks the allowance of $1500 in flood insurance from 2017 through 2019, and $4800 of homeowner's insurance paid for 2018, 2019, and 2022. She also seeks the allowance of $3,192 for an October 2017 real estate tax bill, $110 for an October 2017 water bill, and a $1500 PSEG bill with a revolving balance up until November 2017. The Decision After Trial noted that Ms. Brancato did not offer any evidence to substantiate her testimony that she paid the expenses of the marital residence after the Matrimonial Action was commenced and that neither the Debtor nor Ms. Brancato offered any evidence at trial regarding arrears due pursuant to the Pendente Lite Stipulation. Accordingly, the State Court permitted the Debtor and Ms. Brancato to exchange an accounting and documentation with respect to any pendente lite arrears accrued up to the Decision After Trial. Ms. Brancato requested payment for a PSEG bill and tax bill.  The State Court held in its Post-Trial Order that the parties' Pendente Lite Stipulation of November 3, 2017 provided for Ms. Brancato to pay the utilities, homeowner's insurance, and taxes on the Real Property. Accordingly, the State Court denied her request for an order directing payment of those items and this Court,

under the doctrine of collateral estoppel, must likewise disallow her claims for the same. With respect to her claim for reimbursement of the cost of homeowner's insurance after the Decision After Trial, Ms. Brancato did not provide any support for her argument that the Debtor is liable for this payment or that the State Court modified its prior ruling that she is obligated to pay the homeowner's insurance.  Thus, she has failed to satisfy the documentary requirements of Bankruptcy Rule 3001, and her claim for this category of expenses is denied.

6.   Attorney's Fees

Ms. Brancato seeks the allowance of $11,022 of legal fees incurred with respect to the Matrimonial Action and $3,500 of legal fees paid to her bankruptcy counsel in this case. The State Court's Decision After Trial noted that Ms. Brancato sought payment for her matrimonial attorney's fees by motion and by request in her post-trial brief. Decision After Trial at 14. The State Court held that Ms. Brancato failed to offer testimony or evidence as to the amount and reasonableness of the fees requested nor did she submit an attorney's affirmation of services, attorney billing records or retainer agreement as required by the State Court rules. Accordingly, the State Court denied Ms. Brancato's request for an award of attorney's fees. As Ms. Brancato had a full and fair opportunity to seek an award of attorney's fees relating to the Matrimonial Action and her request was denied by the State Court, collateral estoppel bars this Court from considering Ms. Brancato's second request for the payment of the same fees.

As for Ms. Brancato's attorney's fees incurred in this bankruptcy case, Ms. Brancato incurred the fees defending against the adversary proceeding brought by the Trustee seeking to sell the Real Property under § 363(h). She hired bankruptcy counsel to negotiate a settlement of the adversary proceeding which negotiations were unsuccessful. In determining whether to award attorney's fees, courts follow the "American Rule" principle, which provides "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides

otherwise." *Peter v. Nantkwest, Inc.,* 140 S.Ct. 365, 370 (2019) (quoting *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 252-53 (2010)). Here, Ms. Brancato did not attach any agreement to her proof of claim or point to any statute that provides for the payment of attorney's fees of (i) a defendant in an adversary proceeding or (ii) a creditor or a former spouse in a bankruptcy proceeding. While § 503(b)(4) provides for the allowance of reasonable attorney's fees as an administrative expense, those fees must have been incurred pursuant to either § 503(b)(3)(A), (B), (C), (D), or (E).[6] The fees incurred by Ms. Brancato post-petition do not come within any of the provisions of § 503(b)(3)(A) through (E) and were for her own benefit. Her bankruptcy attorney did not recover any property that was transferred or concealed by the Debtor in this chapter 7 case, and no showing has been made that the services rendered by her bankruptcy attorney benefitted the estate in any manner. Ms. Brancato's claim for reimbursement of her bankruptcy attorney's fees is therefore denied as she has not demonstrated a contractual or statutory basis for an award of such fees.

### 7. Debtor's Sick and Vacation Time Accrual

Ms. Brancato contends she is entitled to $6,000 that the Debtor collected for accrued vacation and sick time at his employment during their marriage. The Trustee objected to the allowance of this portion of her proof of claim arguing the lack of any documentary evidence to support her contention that the Debtor must turn over funds received for accrued vacation

---

[6] Section 503(b)(4) provides for the allowance of reasonable attorney's fees incurred in any of the following situations set forth under § 503(b)(3):

  (A)  a creditor that files a petition under section 303 of this title;
  (B)  a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor;
  (C)  a creditor in connection with the prosecution of a criminal offense relating to the case or to the business or property of the debtor;
  (D)  a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title; [or]
  (E)  a custodian superseded under section 543 of this title, and compensation for the services of such custodian . . . .

11 U.S.C. § 503(b)(3) & (4).

and sick time. The Court finds in favor of the Trustee. No agreement, order from the State Court, or any other documentary evidence is attached to Ms. Brancato's proof of claim to show that she is entitled to the accrued vacation and sick time pay. Nor has she cited any statutory authority that accords her the right to the Debtor's accrued vacation and sick time under the circumstances presented. Accordingly, Ms. Brancato's claim that she is entitled to Debtor's accrued vacation and sick pay must be denied.

III.    Conclusion

Based on the foregoing, the Court sustains the Trustee's objection to the allowance of the claims filed by Ms. Brancato. Accordingly, the Court hereby (i) grants the Trustee's motions to disallow and expunge claim proof of claim no. 8 and amended proof of claim no. 8-2, including the supplemental claim for $515.95 for a cable main sewer line for the Real Property, and (ii) denies Ms. Brancato's cross-motions to the extent they seek to expunge the Decision After Trial, Post-Trial Order, and her deposition from the Trustee's motion and to have her proof of claim and amended proof of claim allowed. The Clerk's Office is directed to expunge proof of claim no. 8 and amended proof of claim no. 8-2 from the Court's Proof of Claim Register.

So Ordered.

Dated: August 9, 2023
        Central Islip, New York

Louis A. Scarcella
**Louis A. Scarcella**
**United States Bankruptcy Judge**